<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4168**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOMAS JAIMES-CAMPOS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, Senior District Judge. (3:10-cr-00028-nkm-1)

Submitted: July 27, 2011          Decided: August 10, 2011

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

David A. Eustis, EUSTIS & GRAHAM, P.C., Charlottesville, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Allessandra Stewart, Special Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tomas Jaimes-Campos pled guilty to conspiracy to distribute at least 500 grams of methamphetamine, 21 U.S.C. § 846 (2006), and was sentenced to a term of 162 months imprisonment. In his plea agreement, Jaimes-Campos waived his right to appeal his sentence on any ground, including the grounds listed in 18 U.S.C. § 3742 (2006). Jaimes-Campos now seeks to appeal his sentence on the ground that the district court clearly erred in finding that he failed to accept responsibility for his offense. U.S. Sentencing Guidelines Manual § 3E1.1 (2010). The government asserts that the appeal should be dismissed based on the waiver of appellate rights contained in Jaimes-Campos' plea agreement. For the reasons that follow, we dismiss the appeal.

Whether a waiver of appellate rights in a plea agreement is enforceable is a question of law reviewed de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Where the government seeks to enforce an appeal waiver and there is no claim that the government breached its obligations under the plea agreement, this court will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive the right to appeal; and (2) the issue being appealed is within the scope of the waiver. Id. at 627.

Jaimes-Campos does not claim that the waiver is invalid for any reason. The record of the Fed. R. Crim. P. 11 proceeding discloses that the district court fully complied with the requirements of Rule 11 to ensure that the guilty plea was knowing and voluntary. See United States v. Vonn, 535 U.S. 55, 58 (2002). The record also establishes that Jaimes-Campos waived his appeal rights knowingly and intelligently. First, the waiver provision was set out in detail in the plea agreement and Jaimes-Campos informed the district court that his attorney had gone over the plea agreement with him, with the help of an interpreter, and that he understood it. Second, the court asked Jaimes-Campos during the Rule 11 hearing whether he was voluntarily giving up his right to appeal his conviction and sentence and Jaimes-Campos answered that he was.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                      DISMISSED